IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHARLES D. LINDLEY**                                                             **PLAINTIFF**

**v.**                              **Case No. 4:20-cv-00795-KGB**

**ALYZEN MEDICAL PHYSICS, INC.**
**And MARK DEWEESE**                                            **DEFENDANTS**

**ORDER**

Before the Court is defendants Alyzen Medical Physics, Inc. ("Alyzen"), and Mark Deweese's partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 18). Plaintiff Charles Lindley responded in opposition to the motion (Dkt. No. 24). Defendants filed a motion for leave to file reply to Mr. Lindley's response (Dkt. No. 27). For good cause shown, the Court grants defendants' motion for leave to file reply (Dkt. No. 27). The Court directs defendants to file their proposed reply within 14 days from the entry of this Order and considers defendants' reply in ruling on the instant motion. For the following reasons, the Court grants defendants' partial motion to dismiss (Dkt. No. 18).

**I.**      **Background**

The Court accepts Mr. Lindley's factual allegations as true at this stage of the proceedings. *Blomker v. Jewell*, 831 F.3d 1051, 1054 (8th Cir. 2016) (internal citations omitted). The following facts relevant to the pending motion before the Court are taken from Mr. Lindley's operative amended complaint (Dkt. No. 16). In his amended complaint, Mr. Lindley alleges breach of contract in Count I, promissory estoppel in Count II, and common law fraud and constructive fraud in Count III. Defendants move to dismiss Mr. Lindley's claims of common law fraud and constructive fraud in Count III.

This case arises out of the sale of Alyzen, a medical services company (Dkt. No. 16, ¶ 6). Mr. Lindley worked for Alyzen from approximately June 21, 2012, through April 27, 2020, and in 2019 and 2020, Mr. Lindley assisted in efforts to sell Alyzen (*Id.*, ¶¶ 5–7). On September 19, 2019, Alyzen executed a letter of intent with a potential buyer ("Buyer A") (*Id.*, ¶ 8). In March 2020, Mr. Deweese informed Mr. Lindley that Alyzen had reached an agreement with Buyer A to sell all Alyzen assets and asked Mr. Lindley to do whatever necessary to help Buyer A gather the necessary documents and financial information to implement the acquisition (*Id.*, ¶ 9). Defendants and Mr. Lindley had previously agreed that Mr. Lindley would be paid 10% of the gross company acquisition price as additional compensation for Mr. Lindley's efforts in building up Alyzen (*Id.*, ¶ 10). Mr. Lindley and Mr. Deweese entered into a memorandum of understanding on March 26, 2020, in which Mr. Lindley and Mr. Deweese agreed that Mr. Lindley would be paid 10% of the total purchase price paid for the assets of Alyzen (*Id.*, at 13).

Throughout the week of April 20, 2020, defendants' financial advisors and attorneys represented to Mr. Lindley that the final closing items were being gathered to implement the sale (*Id.*, ¶ 14). Mr. Lindley alleges that, upon information and belief, at the same time, defendants were secretly negotiating with another potential buyer ("Buyer B") to renege on the sale to Buyer A and instead sell to Buyer B (*Id.*, ¶ 15). Mr. Lindley alleges that, upon information and belief, defendants were also concurrently planning to terminate Mr. Lindley and to renege on defendants' obligation to pay Mr. Lindley earned commissions and the 10% sale bonus (*Id.*). On April 24, 2020, Mr. Lindley was copied on an email between Mr. Deweese and Buyer B discussing modifying a letter of intent for the sale of Alyzen's assets to Buyer B (*Id.*, ¶ 16). That same day, Mr. Deweese insisted to Mr. Lindley that the employment relationship be severed and that Mr.

Lindley resign (*Id.*, ¶ 18). Mr. Lindley alleges that, upon information and belief, Buyer B acquired Alyzen in July or August 2020 (*Id.*, ¶ 22).

In Count III of his amended complaint, Mr. Lindley brings claims for common law fraud and constructive fraud (*Id.*, ¶¶ 32–40). Mr. Lindley alleges that defendants have made a false representation of material fact by stating that defendants and Buyer A have a binding sale agreement and that Mr. Lindley has earned 10% of the sale price (*Id.*, ¶ 33). Mr. Lindley further alleges that defendants made a false misrepresentation of material fact that Mr. Lindley would be paid a 10% bonus upon any acquisition or merger of Alyzen (*Id.*, ¶ 34). Mr. Lindley alleges that defendants made these representations to Mr. Lindley knowing that they were false and while secretly negotiating with another buyer (*Id.*, ¶ 35). Mr. Lindley alleges that, alternatively, defendants made these promises when they had no intention of actually selling Alyzen to Buyer A or paying Mr. Lindley the 10% bonus upon any acquisition of Alyzen (*Id.*, ¶ 36). Mr. Lindley further alleges that drafting and signing the memorandum of understanding is further evidence of defendants' deceptive acts made when defendants had no intention of selling to Buyer A or of paying Mr. Lindley his earned 10% acquisition bonus (*Id.*, ¶ 38).

## II.    Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

When ruling on a Rule 12(b)(6) motion to dismiss, a district court generally may not consider materials outside the pleadings. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008); *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). The district court "may, however, consider some public records, materials that do not contradict the complaint or materials that are 'necessarily embraced by the pleadings.'" *Noble Sys. Corp.*, 543 F.3d at 978 (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

Additionally, the Federal Rules of Civil Procedure require a plaintiff to plead "the circumstances constituting fraud . . . with particularity." Fed. R. Civ. P. 9(b). The Court must interpret the requirements of Rule 9(b) "in harmony with the principles of notice pleading." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001). "Although a pleading alleging fraud need not provide anything more than notice of the claim, it must contain 'a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct.'" *Schaller Tel. Co. v. Golden Sky Sys.,*

4

*Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (quoting *Abels*, 259 F.3d at 920). A plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Id.* (internal quotations omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Commercial Property Investments, Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995).

### III. Analysis

Defendants move to dismiss Mr. Lindley's claims under Count III of his amended complaint for common law fraud and constructive fraud (Dkt. No. 18, at 1). Defendants argue that both actual fraud and constructive fraud require a material misrepresentation of fact and that the misrepresentation must relate to a past event or a present circumstance (Dkt. No. 19, at 6). Defendants further argue that Mr. Lindley's allegations that he would be paid the 10% sale bonus are projections of future conduct (*Id.*, at 10–11). According to defendants, Mr. Lindley's claims for actual fraud and constructive fraud under Count III must be dismissed because Mr. Lindley alleges misrepresentations only as to future events and not past events or present circumstances (*Id.*, at 12–13).

Mr. Lindley responds that misrepresentations of future conduct may support an action for fraud under Arkansas law if the promisor has no intention of carrying out the promise at the time the promise is made (Dkt. No. 25, at 3). Mr. Lindley argues that, when defendants made a promise to Mr. Lindley, they were secretly negotiating a deal hostile to that agreement (*Id.*, at 5). According to Mr. Lindley, "[t]he fact that Defendants were doing a back-door deal, coupled with the fact that they ultimately did not pay Plaintiff the 10% fee, all while feigning that Plaintiff would be paid, establishes that Defendants never intended to pay Plaintiff what he was owed." (*Id.*).

5

In reply, defendants argue that the exception for future conduct does not apply because Mr. Lindley does not allege facts to support his allegations that defendants had no intention to carry out their promises (Dkt. No. 27-2, at 6).

Under Arkansas law, actual fraud involves five elements:

> (1) that the defendant made a false representation of material fact; (2) that the defendant knew that the representation was false or that there was insufficient evidence upon which to make the representation; (3) that the defendant intended to induce action or inaction by the plaintiff in reliance upon the representation; (4) that the plaintiff justifiably relied on the representation; and (5) that the plaintiff suffered damage as a result of the false representation.

*First Ark. Bank & Trust, Tr. v. Gill Elrod Ragon Owen & Sherman, P.A.*, 427 S.W.3d 47, 53–54 (Ark. 2013). "As opposed to actual fraud, constructive fraud does not include the elements of actual dishonesty or intent to deceive." *Born v. Hosto & Buchan, PLLC*, 372 S.W.3d 324, 332 (Ark. 2010). "It is well-established that representations that are promissory in nature, or of facts that will exist in the future, though false, will not support an action for fraud." *Hobson v. Entergy Ark., Inc.*, 432 S.W.3d 117, 124 (Ark. Ct. App. 2014) (citing *Anthony v. First Nat'l Bank of Magnolia*, 431 S.W.2d 267 (Ark. 1968)). "However, the general rule is inapplicable if the person making the representation or prediction knows it to be false at the time it is made." *Delta School of Commerce, Inc. v. Wood*, 766 S.W.2d 424, 427 (Ark. 1989). In other words, fraud is actionable if a party makes a "false promise knowing at the time it would not be kept." *Anthony*, 431 S.W.2d at 274.

Here, Mr. Lindley fails adequately to allege fraud. Mr. Lindley alleges that defendants made three misrepresentations: First, that defendants had a binding sale agreement with Buyer A (Dkt. No. 16, ¶ 33); second, that Mr. Lindley has earned 10% of the price (*Id.*); and third, that Mr. Lindley would be paid a 10% bonus upon any acquisition or merger of Alyzen (*Id.*, ¶ 34).

6

With respect to the first alleged misrepresentation, Mr. Lindley fails to allege that defendants made the representation knowing it was false at the time. Mr. Lindley alleges that, "[i]n March, 2020, Deweese informed Lindley that an agreement had been reached with Buyer A to sell all Alyzen assets." (Dkt. No. 16, ¶ 9). Mr. Lindley further alleges that, "at the same time that Defendants, Defendants' legal counsel, and Defendants' financial advisors were representing to Lindley that the sale agreement would be implemented on April 24, such parties were secretly negotiating with Buyer B to renege on the sale to Buyer A and instead sell to Buyer B." (*Id.*, ¶ 15). Mr. Lindley further alleges that an email from Mr. Deweese to Buyer B "discussed trying to 'extract from that deal' with Buyer A and discussed modifying [a letter of intent] for the sale of Alyzen's assets to Buyer B." (*Id.*, ¶ 16). Mr. Lindley thus alleges that defendants intended to renege on their agreement with Buyer A and not that defendants knew at the time of the representation to Mr. Lindley that the promise would not be kept.

Further, Mr. Lindley's allegations against nonparties cannot support his claims for fraud against defendants. Mr. Lindley alleges that, "[o]n April 23, 2020, emails among Defendants, Lindley, BKD Capital, Barber Law Firm, and Buyer A were circulated, confirming the sale. At 5:37 p.m. on April 23, BKD Capital emailed said participants to indicate all financial schedules were in 'final' form or 'done.'" (Dkt. No. 16, ¶ 14). With respect to any misrepresentations which Mr. Lindley alleges that defendants made, Mr. Lindley fails to allege "the identity of the person making the misrepresentation," if any. *Schaller Tel.*, 298 F.3d at 746. With respect to any misrepresentations which Mr. Lindley alleges that BKD Capital or any other nonparty made, any alleged misrepresentations made by nonparties cannot support an action for fraud against defendants.

With respect to the second and third alleged misrepresentations, Mr. Lindley fails to plead the circumstances of any fraud with particularity. Mr. Lindley alleges that, "[c]onsistent with prior discussions, Defendants and Lindley agreed that Lindley would be paid ten percent (10%) of the gross company acquisition price as additional compensation for Lindley's efforts in building up Alyzen. This verbal agreement was confirmed on many occasions." (Dkt. No. 16, ¶ 10). Mr. Lindley's allegations do not contain "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel.*, 298 F.3d at 746.

To the extent that Mr. Lindley alleges that defendants made a misrepresentation by entering into a memorandum of understanding with Mr. Lindley on March 26, 2020, Mr. Lindley does not allege that defendants made any promises knowing at the time that the promises would not be kept. The memorandum of understanding provides that "Lindley will be paid ten percent (10%) of the total Purchase Price paid for the assets of Alyzen Medical Physics, Inc. ('Alyzen') purchased by [redacted] or its affiliates" (Dkt. No. 16, at 13). Mr. Lindley further alleges that defendants "were secretly negotiating with Buyer B to renege on the sale to Buyer A and instead sell to Buyer B" and that defendants "were also concurrently planning to terminate Lindley, and to renege on Defendants' obligations to pay Lindley earned commissions and the ten percent sale bonus." (*Id.*, ¶ 15). Mr. Lindley thus alleges that defendants later planned to renege on their promise to pay Mr. Lindley 10% of the sale price and not that defendants promised to give Mr. Lindley a 10% sale bonus knowing at the time that they would not keep that promise.

Accordingly, based upon the allegations in Mr. Lindley's amended complaint, Mr. Lindley fails to allege fraud or constructive fraud as to each of the alleged misrepresentations he identifies.

8

## IV.     Conclusion

For the foregoing reasons, the Court grants defendants' motion for leave to file reply (Dkt. No. 27).  The Court directs defendants to file their proposed reply within 14 days from the entry of this Order and considered defendants' reply in ruling on the instant motion.  The Court grants defendants' partial motion to dismiss (Dkt. No. 18).  The Court dismisses Mr. Lindley's claims for common law fraud and constructive fraud contained in Count III of his amended complaint.

It is so ordered this 27th day of September, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge